### EBENEZER JONES *vs.* JOHN R. SHERWOOD.

The act of 1869 (ch. 64, sec. 7,) provides that when any person shall sustain damage from sheep being killed or maimed by dogs, he shall, within twenty-four hours after he has knowledge of the same, give information to the select-men or one of them, and then, but not otherwise, it shall be the duty of the selectmen to inquire into the ownership of such dog and commence a suit for damages. Where the selectmen received information of such damage from some person other than the party injured, and acted upon such information by notifying the owner of the dog, and commencing and prosecuting an action against him under the statute, without objection from the party injured, it was held,—1. That the notice was sufficient and justified the action of the select-men. 2. That the owner of the dog could not object to the insufficiency or irregularity of the notice.

ACTION on the statute for the protection of sheep, brought to the Superior Court in Fairfield County, and tried, on the general issue closed to the court, before *Pardee, J.* Judgment for the plaintiff; motion for a new trial by the defendant. The case is fully stated in the opinion.

*Brewster*, in support of the motion.

*White* and *Taylor*, contra.

CARPENTER, J.  This action is brought on the statute of 1864, chap. 64, sec. 7, to recover damages sustained by one Lewis C. Hunt, in the destruction of his sheep by the defendant's dog.  The declaration, after alleging the killing of the sheep, and their value, avers that " information of said acts of said dog was duly, and within twenty-four hours after said Hunt had knowledge of the same, given to the selectmen of said town of Ridgefield, and said selectmen then estimated the amount of said damage &c."

On the trial the plaintiff proved the killing of the sheep, and the appraisal of the damages by two men at Hunt's request.  It was also proved that the selectmen, the day after the injury, received information of the damage from some person other than Hunt, and of the appraisal of damages, of which they gave notice to the defendant on the same day, and also notified him that a suit would be commenced unless he should pay the amount of the damage.  To the evidence on which the foregoing facts were found the defendant objected, on the ground that so much thereof as related to the time and manner of the notice to the selectmen did not prove the averment in the declaration, and that it laid no foundation for a recovery under the statute ; and claimed as matter of law upon these facts that the defendant could not be held liable, and that the plaintiff could not recover upon a notice of the damage as herein set forth.  This objection was overruled by the court.  Judgment having been rendered against the defendant, he files a motion for a new trial.

The question argued before us, and which we think is fairly embraced in the motion, seems to be this,—Was notice of the damage communicated to the selectmen in the manner required by the statute ?

The statute reads as follows : " Whenever any person, resident in any town in this state, shall sustain any damage from sheep being killed or worried by dogs, he shall within twenty-four hours after he has knowledge of the same, give information to the selectmen, or one of them ; and then, but not otherwise, it shall be the duty &c., &c." *

We are not disposed to construe this statute as requiring

the injured party to give notice in person; but on the contrary we think he may do so by letter, or through the agency of another. If done by an agent, the agency may be proved, as in other cases, by proving a prior request or a subsequent ratification. Now there is nothing in the facts stated inconsistent with the supposition that whoever communicated with the selectmen did so as the agent of the injured party and that there was either a prior request or a subsequent ratification. Indeed the circumstances of the case fully justify the inference that in one way or the other there was such an agency. The action of the selectmen in instituting proceedings, a subsequent personal communication from Hunt, and his acquiescence for so long a time in the action of the selectmen, tend strongly to prove that he sought his redress through the agency of the town. It is certain that the selectmen were satisfied with the notice, and we cannot see that the defendant has any occasion to complain. The notice was not required for his benefit. He is not a party to it, and, in the case at bar, is not in a situation to take any exception to its insufficiency or irregularity.

We think therefore that the evidence was properly admitted, and that the notice proved justified the action of the selectmen.

We do not advise a new trial.

In this opinion the other judges concurred.

---

This statute is included in the revision of 1866, with some slight alterations. Gen. Statutes, tit. 7, sec. 122.